HON. LAWRENCE C. KOLB, M.D. Commissioner, Department of Mental Hygiene
This is in reply to your letter of January 6, 1976, wherein you request my opinion as to the powers of a Board of Visitors or any of its members to visit and inspect facilities in the community where patients of a Mental Hygiene Facility have been placed pursuant to section 29.15 of the Mental Hygiene Law. You enclose a letter to you from Mr. Edward R. Trethaway, President of the Board of Visitors of Broome Developmental Services asking that you request my opinion on the subject.
Mental Hygiene Law, § 29.15 deals generally with release of patients to the care of residential facilities in the community. This section has been substantially revised by Laws of 1975, Chapter 804 to become effective April 1, 1976. Since the answer to your inquiry is to be found in Mental Hygiene Law, § 7.19, which relates to "Boards of Visitors", the provisions of Mental Hygiene Law, § 29.15 as existing and as revised merely serve to indicate the type of facility to which patients at hospitals or schools within the Department might be discharged or released.
While the definition of the term "facility" (Mental Hygiene Law, § 1.05[5]) may be sufficiently broad to include facilities in the community, "department facility" is specifically defined in section 1.05 (7) as "a facility in the department." Since Boards of Visitors are limited to visiting "the department facility" under section 7.19 (h), the grant of power to a Board of Visitors is thus limited to inspection and visitation of the particular hospital or school as to which the members thereof have been constituted a Board of Visitors and does not extend to any other "facility" in the community.
This conclusion is bolstered by section 7.19 (a), which provides that "[e]ach hospital and school in the department shall have a board of visitors consisting of seven members * * *".
An amendment of the statute would thus be necessary to clothe Boards of Visitors with authority to inspect nondepartmental residences in the community. The purpose of Boards of Visitors is salutary and the Legislature wisely broadened their membership when it amended section 7.19 (a) in 1975, but the statutes as written do not authorize inspections of private residences absent specific agreement in advance by contract.
In my view a practical solution pending amendment of the statute to provide additional protection for patients in residences might be for the Department to amend its agreements with operators of residences to provide for unannounced inspections by members of Boards of Visitors during reasonable hours and to add such a provision to all new agreements of this nature.